UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-200-HRW

ANTHONY ASKEW                                                                                              PLAINTIFF

VS:                             **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.                                                     DEFENDANTS

Plaintiff, Anthony Askew, who is confined at the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has submitted a prisoner *pro se* civil rights action in which he asserts claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and/or the Privacy Act, 5 U.S.C. §552a.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

CLAIMS

The plaintiff alleges that the named defendants have failed and refused to provide him with a broad range of documents which he requested from the federal government. The plaintiff requested the documents pursuant to the provisions of the FOIA. For various reason, the defendants,

who are agents and employees of the Department of Justice ("DOJ"), denied his requests. The plaintiff claims his Fifth Amendment rights have been violated.

NAMED DEFENDANTS

The plaintiff names as defendants the following persons: (1) the United States of America; (2) Richard L. Huff, the Co-Director of the Office of Information and Privacy within the DOJ; and (3) Marie O'Rourke, Assistant Director of the Executive Office for the United States Attorneys ("EOUSA"), within the DOJ.[1]

RELIEF REQUESTED

The plaintiff seeks injunctive relief. He seeks a hearing and an order from this Court directing either the EOUSA or the FBI to release the documents he requests. He claims that they have "exculpatory value" and that they should have been given to his defense counsel at trial.

ALLEGATIONS OF THE COMPLAINT

The plaintiff has filed a handwritten complaint to which he attached various documents demonstrating that he complied, in part, with the administrative exhaustion requirements of the FOIA [Record No. 1]. He subsequently filed: (1) a pre-printed *Bivens* complaint form containing his handwritten responses to the questions [Record No. 3], and (2) a November 3, 2006 response from Defendant O'Rourke, addressing the plaintiff's requests for certain documents [Record No. 7].

On May 17, 2005, the plaintiff submitted a broad-sweeping request, under the FOIA and the Privacy Act, to the Federal Bureau of Investigation ("FBI") requesting copies of all of the FBI's records and reports, including data compiled on the FBI's computer hard drive and floppy discs,

---

[1] The plaintiff incorrectly identified O'Rourke as "Assistant Director of the DOJ" and Huff as the "Co-Director of the DOJ."

relating to four bank robberies in Pennsylvania in 2002 and 2003 [Record No. 1]. The plaintiff was convicted in 2004 of bank robbery offenses.[2]

In a form letter dated June 6, 2005, O'Rourke acknowledged the plaintiff's request. The plaintiff attached a separate, undated letter in which the plaintiff's May 17, 2005 request was described as a "Privacy Act Request for Accounting of Disclosures." The letter was presumably from O'Rourke. The letter denied the request for certain documents, explaining as follows:

> "Your request for information concerning yourself includes "boilerplate" language requesting an accounting of all disclosures of our files.
>
> Your request for accounting is denied because United States criminal files are exempt from the accounting provisions of 5 U.S.C. §552c (1) by virtue of 5 U.S.C. §§552a (j) and (k)."

The plaintiff was informed that he could file an appeal of that decision to the DOJ's Office of Information and Privacy. The plaintiff did file an appeal, and on August 8, 2005, Richard L. Huff affirmed O'Rourke's decision to deny the plaintiff's request for "access to an accounting of disclosures." He explained that although the Privacy Act, 95 U.S.C. §552c(1), generally requires an "accounting of disclosures," it contains an applicable exemption which precluded disclosure of the "accounting of disclosures" which the plaintiff demanded in his May 17, 2005 letter.

That exemption is found in §552a(j)(2), which covers records maintained by any agency (such as the FBI) involved in the enforcement of criminal laws. Huff also cited 28 C.F.R. §16.81 as authority for the denying the FBI records. Huff further informed the plaintiff that the EOUSA was still reviewing the remainder of his request for documents under the FOIA.

---

[2] On November 4, 2004, a jury in the United States District Court for the Western District of Pennsylvania (Pittsburgh Division) (2:03-cr-00244-AJS-2) convicted the plaintiff on several counts of bank robbery and related offenses. He appealed his conviction and it appears from the docket sheet in his criminal case that the appeal is currently pending.

3

On August 29, 2005, O'Rourke sent the plaintiff a second letter in which she advised the plaintiff that part of the remainder of his request was exempt from the access provisions under both §552a(j)(2) of the Privacy Act and 28 C.F. R. §16.81. O'Rourke enclosed 65 pages of released documents; informed him that 10 pages were being withheld in full; and informed him that 273 pages were being forwarded to the FBI for evaluation of the request for release.

Plaintiff appealed that decision and on September 26, 2005, Huff again affirmed O'Rourke's decision, reiterating that the documents requested were exempt under the Privacy Act, 5 U.S.C. §552a(j)(2) and 28 C.F.R. §16.81. He further noted that even under the FOIA, the documents still fell within the exemption provisions of 5 U.S.C. §552(b)(5), which pertains to inter- and intra-agency communications protected by the "deliberative process and attorney work-product privileges." Huff stated that the information requested was not appropriate for discretionary release.

As for the plaintiff's request for access to other documents from the FBI under the FOIA, Huff affirmed O'Rourke's decision to refer to the FBI for processing and review a total of 273 pages which originated with that agency. Finally, Huff advised the plaintiff that material requested under both the Jencks Act and *Brady v. Maryland* had no applicability to FOIA requests, citing as authority *Johnson v. United States Department of Justice*, 758 F. Supp. 2, 5 (D.D.C. 1991).

In a subsequent filing dated November 15, 2005, the plaintiff submitted a November 3, 2005 letter from O'Rourke in which she: (1) released 65 pages in full to the plaintiff; (2) noted that she had withheld 10 pages in full; (3) noted that she had withheld 88 pages of grand jury material "which is retained in the district"; (4) advised the plaintiff that her prior decision--to refer to the FBI his request for 273 pages of FBI material--was appropriate; and (5) advised the plaintiff that many of the documents he requested could be obtained from his criminal files, which are public records.

O'Rourke informed the plaintiff that he could appeal her decision to the DOJ's Office of Information and Privacy. The record does not indicate that he filed an appeal of that decision.

## DISCUSSION

The plaintiff has fully exhausted one part of his request under the Privacy Act, §552c(1), in which he demanded a full "accounting of disclosure" of all FBI records, which, according to Huff's August 8, 2005 letter, concerned the plaintiff's criminal case. The plaintiff's demand resembled a request for discovery materials, as if his criminal proceeding was ongoing.

A person may request documents from the federal government under the FOIA, but not all documents are automatically available. The FOIA contains some exemptions, such as those contained in the Privacy Act, which limit or restrict the release of certain documents. According to Huff's denial letter of August 8, 2005, the documents the plaintiff requested fall into the Privacy Act's exemption provision, set forth in 5 U.S.C. §552a(j)(2), which reads as follows:

> **(j) General exemptions**.--The head of any agency may promulgate rules, in accordance with the requirements (including general notice) of sections 553(b)(1), (2), and (3), (c), and (e) of this title, to exempt any system of records within the agency from any part of this section except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (I) if the system of records is--
>
> (1) maintained by the Central Intelligence Agency; or
>
> (2) **maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities**, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision. (Emphasis Added).

Because of the FOIA's nature as a statute of disclosure, exemptions are to be construed narrowly. *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 543 (6th Cir. 2001). The government bears the burden of proving that its withholdings under FOIA were lawful. *Norwood v. Federal Aviation Adm'n*, 993 F.2d 570, 573 (6th Cir. 1993).

> Ordinarily, the agency may justify its claims of exemption through detailed affidavits, which are entitled to a presumption of good faith. . . . Unless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence. . . . "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position."

*Rugiero*, 257 F.3d at 545 (citations omitted).

The Court will require the United States to respond to the plaintiff's claims regarding his request for an "accounting of disclosure."

The plaintiff also requested access to other documents under the FOIA. The EOUSA referred that portion of the plaintiff's FOIA request to the FBI under authority of 28 C.F.R. §16.4(c). To the extent that it appears the FBI is or may still be evaluating the disclosure of 273 pages of material the plaintiff seeks [*See* O'Rourke letter of 11/3/05, Record No. 7], the plaintiff's Privacy Act claims arising from that request are premature and must be dismissed without prejudice on that basis.[3]

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Ashland Clerk is directed to issue summons for the named defendants: the

---

[3] The plaintiff submitted no documentation that he appealed O'Rourke's November 3, 2005 letter to the DOJ's Office of Information and Privacy. He had until January 3, 2006, in which to do so.

United States of America; Richard L. Huff, the Co-Director of the Department of Justice's Office of Information and Privacy; and Marie O'Rourke, Assistant Director of the Department of Justice's Executive Office for the United States Attorneys, regarding the plaintiff's "accounting of disclosure" claim under the FOIA / Privacy Act.

(2)     The Plaintiff's FOIA and Privacy Act claims related to his "request for access to other documents" (which request been referred to the FBI), are **DISMISSED WITHOUT PREJUDICE** as premature.

(3)     The Ashland Clerk's Office shall prepare as many copies of the complaint as there are summonses issued, and complete the requisite number of USM Form(s) 285.

(a)     If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(b)     The Ashland Clerk's Office shall forward by certified mail the following documents: (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; and (iv) the requisite number of copies of this Opinion and Order, and/or any other documents necessary to effectuate service.

(c)     The Ashland Clerk's Office shall enter the certified mail receipt into the record, and a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and any other attachments have been effectuated, and the date upon which they were effectuated.

(d)     The USM Office shall serve a summons, complaint copy, and copy of this

Order on the defendants to this action; service to be made by certified mail, return receipt requested or by personal service.

      (e)      The USM Office shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

    (4)      The Ashland Clerk is further directed to serve a copy of this Memorandum Opinion and Order on the United States Attorney for the Eastern District of Kentucky, and to note the service in the docket sheet.

    (5)      The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

    (6)      For every further pleading or other document she wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

    This March 2, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge