UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-200-HRW

ANTHONY ASKEW                                                    PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.                      DEFENDANTS


Currently before the Court for consideration are the following pleadings:

(1)     The "Motion to Compel Compliance" [Record No. 38] which Anthony Askew, the *pro se* plaintiff, has filed;

(2)     the "Response" [Record No. 39] filed by counsel for the defendants, who are the Department of Justice ("DOJ"); Richard L. Huff, the Co-Director of the Office of Information and Privacy within the DOJ; and Marie O'Rourke, Assistant Director of the Executive Office for the United States Attorneys ("EOUSA");

(3)     the "Motion to for Summary Judgment " [Record No. 40], filed by counsel for the defendants;

(4)     the plaintiff's "Response" to the defendant's Motion for Summary Judgment [Record No. 42];

(5)     the plaintiff's "Motion for Sanctions" [Record No. 43]; and

(6)     the United States' Reply to the plaintiff's "Response" to Summary Judgment motion [Record No. 44].

<u>The Complaint [Record No. 1] and Answer [Record No. 20]</u>

It is unnecessary for the Court to reiterate either the procedural history preceding the filing of the complaint herein on October 27, 2005, or the allegations contained in the complaint [Record No. 1]. That history, and the various facts alleged in the complaint, are set forth in detail in the Court's Memorandum Opinion and Order entered on March 2, 2006 [Record No. 10]. In summary, however, the plaintiff claims that his Fifth Amendment rights were violated by the EOUSA's refusal to provide him with a wide range of documents he requested under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988) and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("the Privacy Act").

The plaintiff seeks an order requiring the EOUSA or the FBI to release the various documents he requests, including all of the government's records and reports related to his criminal conviction in the United States District Court for the Western District of Pennsylvania.[1] He claims that the requested documents have "exculpatory value" and that they should have been given to his defense counsel at trial. On May 10, 2006, the defendants filed an answer to the complaint and denied the plaintiff's claim of entitlement to any relief [Record No. 20].

<u>Post-Answer/Pre-Motion for Summary Judgment  Filings</u>

On May 23, 2006, the plaintiff filed a "Counter to Defendants' Affirmative Defenses" [Record No. 23]. The plaintiff took issue with the defendants' answer and their claim that the

---

[1]

On June  4, 2004, a jury in the Western District of Pennsylvania (Pittsburgh Division) (03-CR-244-AJS-2) convicted the plaintiff on several counts of bank robbery and related offenses. On October 26, 2006, the Second Circuit Court of Appeals affirmed the plaintiff's conviction [*See* 03-CR-244-Docket Entry No. 218].

2

plaintiff had not fully exhausted his administrative remedies, and generally restated his claim that the EOUSA was improperly withholding exculpatory documents.   He reiterated his demand that the EOUSA  turn over to him various documents related to his criminal conviction.

The plaintiff then sent a letter [Record No. 24] addressed directly to the undersigned, in which he again requested that the defendants be required to provide him with the documents from his criminal conviction in the Western District of Pennsylvania.[2]  The Court directed  the plaintiff's letter to counsel for the EOUSA [*see* Order of June 6, 2006, Record No. 25].  The EOUSA disputed the plaintiff's claim that records from his criminal proceeding were relevant to his FOIA request.  The EOUSA stated  that the only issue before the Court was whether the United States had improperly withheld documents under FOIA.  The EOUSA advised that it would be filing a Vaughan Index containing the government's asserted exemptions to the plaintiff's FOIA request.

The plaintiff then filed a "Motion to Compel Compliance & Motion For Issuance of Contempt Order" [Record No. 38].  The plaintiff asked the Court to require the EOUSA to produce for him the complete file from his prior criminal counsel.  The EOUSA responded that

---

[2]

The plaintiff attached to this motion a letter to him dated May 18, 2006, from his prior defense attorney, Stephen F. Capone of Pittsburgh, Pennsylvania.  In that letter, Capone stated that he had received the plaintiff's request for "everything we [Capone's Office] received from the U.S. Attorney's Office in the form of discovery" [Capone Letter, ¶ 1].  Capone informed the plaintiff that he had already been provided with many of the requested  records, not only during the course of  his criminal trial, but also in the reproduced trial record filed with the Court of Appeals [*Id.*].

Capone informed the plaintiff that his status as a federal court-appointed criminal defense attorney did not provide for government reimbursement for copying costs incurred in a civil action [*Id.*, p. 2].  Capone declined  to reproduce his file for the plaintiff absent either a Court Order or the advance payment for copies and shipping, estimated to be $200.00.

3

because it does not have possession of the plaintiff's counsel's file, it cannot produce same, and further argued that the plaintiff's file was not relevant to the plaintiff's FOIA action [Record No. 39]. The United States again advised that it would prepare a Vaughan Index to which the plaintiff could raise any claims pertinent to his FOIA action.

Defendants' Motion for Summary Judgment [Record No. 40]

The EOUSA argues in its motion for summary judgment that the only issue before the Court is whether the EOUSA properly asserted the attorney work product and deliberative process privileges in fully withholding ten pages of material from the plaintiff's FOIA request. The EOUSA contends that it properly withheld the ten pages under the Privacy Act, §552(b)(5), which it argues protects the disclosure of documents not ordinarily available to a party in litigation and specifically applies to these two privileges. In support of this proposition, the government cites two cases, *Dean v. FDIC*, 389 F. Supp.2d 780, 791 (E.D. Ky. 2005), and *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534 (6th Cir. 2005). The government cited the following language in its motion:

> "Although this privilege covers recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the opinions of the writer rather than the policy of an agency, the key issue in applying this exception is whether disclosure of the materials would "expose an agency's decisionmaking process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.* (quoting *Dudman Communications Corp. v. Department of the Air Force*, 815 F.2d 1565, 1568 (D.C.Cir.1987))."

*Rugiero*, 257 F.3d 534, 550.

The EOUSA determined that the broad range of documents which the plaintiff requested contained deliberations regarding asset forfeiture decisions. It reached that conclusion based

4

upon the documents which it attached--the Vaughan Index in which it detailed the government's efforts to comply with the plaintiff's FOIA request.  It further asserted that because the requested records were prepared by, or at the request of, an attorney made in anticipation of, or during, litigation, they were exempt from disclosure pursuant to this privilege.

In support of its motion for summary judgment, the EOUSA submitted the Declaration of David Luczynski, who is the Attorney Advisor with the EOUSA.  Luczynski states that he oversees the Department of Justice's ("DOJ") responses to requests and the litigation filed under both the FOIA and the Privacy Act.

Luczynski states that he reviews correspondence related to requests and reviews searches conducted in response to requests, to ensure that determinations either to withhold (or to release) responsive documents comply with:  (1) the FOIA; (2) the Privacy Act; and (3) the DOJ's regulations (28 C.F.R. §16.3 *et seq.*  And §16.40 *et seq.*

In his Declaration, Luczynski outlined the steps utilized in responding to the plaintiff's FOIA request and attached thereto documents which substantiated the statements made in his Declaration.  He explains that following a search in the Western District of Pennsylvania, the EOUSA released in full 65 pages of records and withheld in full 10 pages of record.  The EOUSA informed the plaintiff that 273 pages originated with the FBI and that the FBI was therefore being notified in order to respond directly to the plaintiff.

The plaintiff appealed to the EOUSA's Office of Information and Privacy ("OIP").  The OIP affirmed the disclosure decisions of the EOUSA, citing the deliberative process and attorney-client privileges as the basis for withholding inter- and intra-agency communications.

The EOUSA then forwarded the plaintiff's FOIA request to the "FOIA Contact" for the Western District of Pennsylvania. The FOIA contact for the Western District of Pennsylvania informed the EOUSA that it used two computer tracking systems within its office to locate files which were responsive to the plaintiff's FOIA request.[3]

Having located and identified all such files the Criminal Case File System (Justice USA-007) entitled *United States v. Anthony Askew*, the EOUSA first determined these records were exempt from disclosure under the applicable Privacy Act regulations, 28 C.F.R. §16.81(a)(1), and the Privacy Act itself, §552a(j)(2). Luczynski noted that §552a(j)(2) exempts from mandatory disclosure all records maintained by an agency performing--as its principal function--any activity pertaining to the enforcement of criminal laws. Luczynski characterized the plaintiff's entire request as pertaining to criminal investigation.

Luczynski determined that §442a(j)(2) of the Privacy Act prohibited disclosure, then addressed whether there was any justification under FOIA for non-disclosure of the ten pages withheld in full. He determined that, in certain instances, the documents which the plaintiff requested contained the deliberative processes of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the plaintiff.

Luczynski contended that to disclose this information would reveal pre-decisional

---

[3]

The EOUSA utilized the Access to Court Electronic Records ("PACER") system, and the Legal Information Office Network System ("LIONS"). The LIONS systen is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number.

communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. He further asserted that disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. He concluded that the attorney work product and deliberative process were so interwoven with the requested documents as to make it all, in essence, attorney work product.

<u>Plaintiff's Response [Record No. 42 and 43]</u>[4]
<u>and United States' Reply [Record No. 44]</u>

The plaintiff actually styled this submission as a "motion for sanctions" against the EOUSA for failing to produce the discovery and "exculpatory evidence" relating to his criminal prosecutions in the Western District of Pennsylvania. Hew accused the EOUSA of intentionally refusing to comply with his demand for discovery, claiming that the EOUSA was evading this Court's Scheduling Order of May 15, 2006. The plaintiff further alleged that the documents which the EOUSA had released to him related to his 15-year-old criminal cases and were therefore of no relevance. In summary, he argued that the EOUSA was purposefully refusing to produce documents which would comply with the plaintiff's broad requests.

In its reply, the government disputed the allegation that it had not thoroughly complied with the plaintiff's FOIA request. The EOUSA characterized the plaintiff's request for all exculpatory documents relating to his criminal case, and his claim that the United States had failed to produce all exculpatory evidence, as nothing more than an effort to challenge his criminal convictions. The EOUSA argued that an FOIA action is not the proper forum through

---

[4]

The Clerk of the Court assigned two docket numbers (42 and 43) to this docket entry.

7

which to mount such a challenge.  Arguing that the only issue was whether it had properly

invoked FOIA exemption (b)(5), the EOUSA again reiterated that it had done so.

<u>STANDARD OF REVIEW</u>

The EOUSA has filed a "Motion for Summary Judgment" under Fed.R.Civ.P. 56.

Summary judgment is appropriate "if ... there is no genuine issue as to any material fact and ...

the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  As the

Supreme Court explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a party who
> fails to make a showing sufficient to establish the existence of an element
> essential to that party's case, and on which that party will bear the burden of proof
> at trial.  In such a situation, there can be "no genuine issue as to any material
> fact," since a complete failure of proof concerning an essential element of the
> nonmoving party's case necessarily renders all other facts immaterial.  The
> moving party is "entitled to judgment as a matter of law" because the nonmoving
> party has failed to make a sufficient showing on an essential element of [his] case
> with respect to which [he] has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986) (citation omitted).

Under Fed.R.Civ.P. 56(e), "[w]hen a motion for summary judgment is made and

supported as provided in this rule, an adverse party may not rest upon the mere allegations or

denials of the adverse party's pleading, but the adverse party's response, by affidavits or as

otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue

for trial."  In considering a summary judgment motion, "the evidence as well as the inferences

drawn therefrom must be read in the light most favorable to the party opposing the motion."

*Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986); *see also Matsushita Elec.

Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348 (1986) (same).

8

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *see also Id*. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. ").

The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

In addition to the standards outlined above, the Court must keep in mind standards specific to FOIA cases. The government bears the burden of proving that its withholdings under FOIA were lawful. *Norwood v. Federal Aviation Adm'n*, 993 F.2d 570, 573 (6th Cir. 1993).

> Ordinarily, the agency may justify its claims of exemption through detailed affidavits, which are entitled to a presumption of good faith. . . . Unless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence. . . . "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position."

*Rugiero*, 257 F.3d at 545 (citations omitted). The defendants in this case have submitted their so-called "Vaughn Index," named in reference to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), in support of its motion for summary judgment, which references the items that it has withheld from disclosure. With these considerations in mind, the Court will address the EOUSA's legal arguments and the plaintiff's responses.

9

DISCUSSION

1.  Interplay of FOIA and the Privacy Act

Some authorities addressing the interplay of FOIA and the Privacy Act suggest that FOIA is a statute of disclosure, one that generally guarantees the public at large rights of access to information so that citizens may determine "what their government is up to."  As one commentator has noted, "[a]n essential concept regarding the FOIA is that it sometimes requires the government to disclose information, but never requires nondisclosure. . . . . The FOIA's nine exemptions from disclosure, including its two privacy exemptions, merely provide grounds for agencies to refuse to disclose information if they so choose."  Paul M. Schwartz, *Privacy and Participation:  Personal Information and Public Sector Regulation in the United States*, 80 Iowa L. Rev. 553, 593 (1995) (hereinafter "Schwartz").  Because of its nature as a statute of disclosure, exemptions are to be construed narrowly.  *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 543 (6th Cir. 2001).

The Privacy Act,  on the other hand, is a statute dealing with nondisclosure, enacted to promote "governmental respect for the privacy of citizens" by a government that routinely compiles and disseminates personal information about individuals.  It conditions disclosure of certain information upon prior written consent of the individual to whom the record pertains, and further grants an individual access to his own records, or any other information pertaining to him which is contained in a system of records, except under certain circumstances.  *See generally* Schwartz at 592-95; J. Thomas McCarthy, *The Rights of Publicity and Privacy* §5:84-5:85 (2d ed.).  As one court has stated,

. . . the FOIA begins with the premise that all activities of a federal agency

10

should be subject to public scrutiny.  The Privacy Act limits this scrutiny where
the information is personal to an individual.  However, when the individual to
whom the information pertains is also the individual requesting the information,
the Privacy Act presumes that disclosure to that individual will occur.  Stated
otherwise, the  Privacy Act provides rights to the individual with respect to his
own records greater than the rights of the public generally.

*Wren v. Harris*, 675 F.2d 1144, 1146 (10th Cir. 1982) (citation omitted).  In other words, "when

the FOIA does not require disclosure and release of the record is sought by the individual to

whom it pertains, the Privacy Act can require disclosure to that individual."  Schwartz at 593.

### 2. Applicable Provisions of FOIA

The FOIA generally provides that any member of the public has a right of access to

federal agency records, except to the extent that the records are exempt from disclosure by one

of nine exemptions, and the agency chooses to refuse to disclose information on one of these

nine grounds.  5 U.S.C. §552(a) (mandating availability of information); *Id.* §552(b) (setting

forth exemptions); *Id.* §552(d) (stating that §552 does not authorize the withholding of

information or the limiting of availability of records to the public, except as specifically stated

therein).

In the present case, the EOUSA has relied on two exemptions in its refusal to disclose the

documents at issue:  Exemption 5 (the "deliberative process" privilege); and Exemption 7(C)

(information compiled for law enforcement purposes).[5]

### 3.  Necessity of *In Camera* Review

In addition to reviewing the Vaughn Index, FOIA "authorizes courts to examine

---

[5]     Originally, the defendants relied on four exemptions.  However, during
briefing, they withdrew their reliance on Exemption 7(E), found at 5 U.S.C. §552(b)(7)(E), as
a basis for withholding the documents at issue.

documents *in camera* when reviewing the propriety of an agency's withholdings." *Rugiero*, 257 F.3d at 543 (citing § 552(a)(4)(B)).   In exercising its discretion in determining whether *in camera* review is appropriate, the Court must consider the following:   "(1) judicial economy; (2) actual agency bad faith, either in the FOIA action or in the underlying activities that generated the records requested; (3) strong public interest; and (4) whether the parties request *in camera* review."   *Id.* (citation omitted).   The Sixth Circuit in *Rugiero* points out that *in camera* review is to be used sparingly, "when no other procedure allows review of the agency's response to a FOIA request."   *Id.* at 544.

Turning to these factors, the plaintiff's filings could be broadly construed as a request for an *in camera* review of the documents at issue.   He disagrees with the EOUSA's refusal to disclose to him 273 pages which originated with the FBI.   The EOUSA responded that the plaintiff's request for these 273 pages were referred to the FBI.   The plaintiff seeks the release of these 273 pages, which he describes as "discovery."

Here, the number of documents (273 pages) which the plaintiff seeks under the mantra of "discovery" raises a concern regarding judicial economy.   The plaintiff does not specifically argue that there is a strong public interest and, although the plaintiff obviously has a strong *personal* interest in the matter, the Court can determine no strong *public* interest to be served by an *in camera* review.   This is not a situation where the "effect of disclosure or exemption clearly extends to the public at large, such as a request which may surface evidence of corruption in an important government function . . . ."   *Ingle v. Department of Justice*, 698 F.2d 259, 267 (6th Cir. 1982), *overruled on other grounds*, *United States Dep't of Justice v. Landano*, 508 U.S. 165

12

(1993). However, a showing of bad faith "would weigh heavily" in the Court's decision whether to review the documents *in camera*. *Id.*

As noted above, the Vaughn Index and accompanying detailed affidavit supplied by the defendants in this case are entitled to a presumption of good faith. "Evidence of bad faith on the part of the agency can overcome this presumption, even when the bad faith concerns the underlying activities that generated the FOIA request rather than the agency's conduct in the FOIA action itself." *Id.* (citation omitted).

As evidence of bad faith, the plaintiff asserts that the EOUSA has intentionally refused to provide him with the requested documents. As the Court will discuss *infra*, the Privacy Act contains an applicable exemption from disclosure: that which pertains to documents generated in the course of criminal investigations. 5 U.S.C. §552a(j)(2). The plaintiff was convicted of federal crimes (bank robbery). In light of the fact that he seeks 273 pages from the FBI (a federal agency dedicated to domestic criminal investigation) relating to his criminal convictions, the Court is unable to find any evidence of "bad faith."

Further, the Vaughn Index of the documents is accompanied by a detailed affidavit that expressly sets forth the subject matter of the requested document and/or the redactions, as well as the defendants' stated basis for exemption under FOIA. This does not appear to be a case where the defendants conducted a slipshod search for responsive documents or engaged in a half-hearted attempt to create a basis for exemption. For purposes of a bad-faith determination, the submitted affidavits describe the materials in sufficient detail to permit the Court to make a fully-informed decision as to whether the materials were properly withheld under a FOIA exemption.

13

In summary, the plaintiff has not established bad faith on the part of defendants. *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir.1994).

The Court is also mindful of the fact that on August 29, 2005, the defendants did produce approximately 65 pages of materials to the plaintiff and withheld 10 pages in full. The defendants explain in the "Motion for Summary Judgment" that these ten pages consisted of an unsigned and unfiled draft of an indictment memorandum. They contend that until a final and official version of the document is filed and presented with a court's stamp and an attorney's signature, "it remains a draft which could be altered and is solely used for the internal use and practice of a government agency." [Luczynski Declaration, pp. 5-6, Record No. 40] Based on all of the above, the Court finds that the plaintiff has not overcome the presumption of good faith attending the Vaughn Index and, thus, finds that a wholesale *in camera* inspection of the documents is not necessary.

<u>SUFFICIENCY OF THE VAUGHN INDEX</u>

Agency affidavits are entitled to a presumption of good faith. *United States Dep't of State v. Ray*, 502 U.S. 164, 179, 112 S.Ct. 541 (1991). The fact that defendants' search failed to turn up the documents requested does not render the search inadequate; the adequacy of the search is determined by the appropriateness of the method employed. *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

Here, the EOUSA has supported its motion for summary judgment with a detailed and non-conclusory affidavit indicating that it has conducted a reasonable search. *Becker v. Internal Revenue Service*, 34 F.3d 398, 406 (7th Cir.1994). The Court determines that the government

14

undertook a reasonable search in order to comply with the plaintiff's FOIA request.  The plaintiff's claim that he should have been provided with all discovery from his criminal trials raises no genuine issue of material fact as to the adequacy of the search for records conducted by defendants in response to his request.  *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C.Cir.1994).  Having established that the government's search was adequate, the Court will examine the government's justifications for not disclosing certain materials.

1.  <u>Non-Disclosure Under Privacy Act (§552a(j)(2)) Was Warranted</u>

The plaintiff submitted a broad and sweeping request, demanding all of the FBI's data relative to the investigation of the federal charges filed against him which resulted in his 2004 conviction.  The EOUSA first determined that under the Privacy Act, the plaintiff's request would have to be denied because it sought materials compiled for law enforcement purposes. 5 U.S.C. §552a(j)(2).  The government denied the request, stating that it covered records which are exempt from disclosure because they are maintained by "an agency [the FBI] or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws."  5 U.S.C. §552a(j)(2).

To qualify a system of records under a Privacy Act exemption, an agency need only show that it is engaged primarily in law enforcement activities, that records to be exempted were compiled for purpose of criminal investigation, and that it has promulgated rules exempting the system of records from disclosure and stating its reasons for the exemption.  5 U.S.C.A. §§§552(b)(3), 552a, 552a(j)(2).  *Stimac v. F.B.I.*, 577 F. Supp. 923 (N.D. Ill. 1984).  The scope of the inquiry under exemption under the FOIA for matters specifically exempted from

disclosure by statute is limited; if a statute exempts materials from disclosure and the requested materials fall within that statute's scope, that is the end of the matter.  5 U.S.C.A. §552(b)(3); *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534.

The Court agrees with the EOUSA's assessment that because the plaintiff's entire request pertained to criminal investigations of him, the EOUSA was justified in not disclosing the requested material under the Privacy Act.  As Richard Huff explained in his letter of August 8, 2005, the documents which the plaintiff sought in the "accounting of disclosures" were maintained in a system of records not subject to disclosure under the Privacy Act.  5 U.S.C. §552a(j)(2); 28 C.F.R. §16.81(a)(4).[6]

Case law supports the Court's reasoning.  In *Pri-Har v. Department of Justice*, 2005 WL 3273550 (D.D.C. (September 27, 2005)) (Only  Westlaw citation is currently available), the district court stated as follows:

"Although the plaintiff initially requested the records pursuant to the FOIA and the Privacy Act, his challenge to the denial of the release of the documents centers solely on the denial of his request under the FOIA.  Accordingly, it appears that the plaintiff is not challenging the withholding of documents under the Privacy Act.  Moreover, although the defendant argues that it is prohibited from disclosing the requested records under the Privacy Act, Def.'s Mem. at 17, the plaintiff has not set forth a position on this issue.  Accordingly, this Court will treat this argument as conceded by the plaintiff.  *FDIC v. Bender*, 127 F.3d 58, 67- 68 (D.C. Cir.1997); *Stephenson v. Cox*, 223 F. Supp.2d 119, 121 (D.D.C.2002). *Nonetheless, even if this Court were to review the merits of this argument, it is clear that the defendant is entitled to summary judgment.  5 U.S.C.*

---

[6] 28 C. F. R. §16.81 provides in relevant part as follows:

(a)   The following systems of records are exempt from 5 U.S.C. 552a(c)(3) and (4), (d), (e)(1), (2) and (3), (e)(4)(G) and (H), (e)(5) and (8), (f), and (g):

- - -
(**4**) **Criminal Case Files (JUSTICE/USA-007)**.  (Emphasis Added)

16

> *§552a(j)(2) of the Privacy Act exempts from mandatory disclosure records maintained by "an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws." 5 U.S.C. §552a(j)(2). Pursuant to this statute, 28 C.F.R. §16.81(a)(1) was promulgated to exempt from disclosure all files in criminal cases. 28 C.F.R. §16.81(a)(1)(2001). The records requested here are clearly of the type that fall under this regulation and the authorizing statute, and thus were properly withheld."*

*Pri-Har v. Department of Justice*, 2005 WL 3273550, at 7. {Emphasis Added}

See also *Ashton v. Department of Veterans Affairs*, 198 F.3d 233, 1999 WL 753331, **1 (2nd Cir.(N.Y.) September 3, 1999) (Unpublished Disposition) (where EOUSA submitted a declaration from its attorney responsible for reviewing FOIA and PA requests, stating that all of the withheld records were maintained in the Criminal Case File System as described in 28 C.F.R. §16.81(a)(4) and were not subject to disclosure under the Privacy Act, the EOUSA's explanations for withholding and redacting requested documents were adequate under 5 U.S.C. §552a(j)(2)); *Watson v. U.S. Dept. of Justice*, 799 F. Supp. 193, 195 (D.D.C. 1992) (Documents created by DOJ personnel in anticipation of specific criminal litigation against plaintiff were attorney work product protected from disclosure by FOIA exemption for interagency or intra-agency memorandums or letters unavailable by law to a party other than an agency in litigation with agency).

In this case, the plaintiff's broad, sweeping request for all exculpatory evidence relating to his federal bank robbery convictions appears to be a veiled, after-the-fact effort to challenge the validity of his underlying criminal convictions. That challenge can only be undertaken by the plaintiff filing, in the Western District of Pennsylvania, a motion to vacate his sentence under 28 U.S.C. §2255. The court in which the conviction was rendered is the proper forum for

17

challenging the validity of a federal criminal sentence.  *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. Feb. 5, 1998); *Moore v. Perrill*, 39 F.3d 1192, 1994 WL 628939 (10th Cir. 1994).  The plaintiff can not use a FOIA action to collaterally challenge a criminal conviction.

### 2.  Non-Disclosure Under FOIA (§ 552(b)(5)) Was Warranted

Second, the EOUSA argues that 10 pages were withheld in full under the FOIA.  It states that the pages consist of an unsigned, unfiled indictment memorandum.  The Court agrees that this document is protected by the attorney work product because it pertains to trial preparation, trial strategy, and deliberations concerning asset forfeiture decisions.  The claims based on that specific denial are dismissed for failure to state a claim upon which relief can be granted.

### 3.  Summary Judgment is Appropriate

Based on the foregoing considerations, the government is entitled to a summary judgment.  Review of the EOUSA's Vaughn Index (comprised of several documents) reveals that the EOUSA undertook all necessary steps with the United States Attorney's Office to comply with the plaintiff's FOIA request.  The plaintiff's request seeks information properly determined to pertain to criminal investigation and law enforcement.  The Court further agrees with the decision of the EOUSA that the plaintiff's effort to challenge his criminal conviction via a Privacy Act/FOIA "request for access to an accounting of disclosure" is simply not legitimate use of the Privacy Act or FOIA.

The Court further rejects the plaintiff's argument that defendants were required to search the records of other agencies, such as the FBI.  *See United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 145-46  (1989).  The EOUSA has not avoided compliance with any court order

in this proceeding, including the Scheduling Order of May 15, 2006.  The government has carried its burden of proving that its withholdings under FOIA were lawful.  *Norwood v. Federal Aviation Adm'n*, 993 F.2d at 573; *Celotex Corp. v. Catrett*, 477 U.S. at 322-23.

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** as follows:

(1)     The plaintiff's  "Motion to Compel Compliance" [Record No. 38] is **DENIED**.

(2)     The "Motion to for Summary Judgment " [Record No. 40], filed by defendants, the Department of Justice ("DOJ"); Richard L. Huff, the Co-Director of the Office of Information and Privacy within the DOJ; and Marie O'Rourke, Assistant Director of the Executive Office for the United States Attorneys ("EOUSA"), is **GRANTED**.

(3)     The plaintiff's "Motion for Sanctions" [Record No. 43] is **DENIED**.

(4)     The plaintiff's Privacy Act/ FOIA complaint is **DISMISSED WITH PREJUDICE**.

(5)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This November 13, 2006.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

19